1 | Kristin A. Zilberstein, Esq. (SBN: 200041)
2 | Jennifer R. Bergh, Esq. (SBN 305219)
  | LAW OFFICES OF MICHELLE GHIDOTTI
3 | 1920 Old Tustin Ave.
  | Santa Ana, CA 92705
4 | Ph:  (949) 427-2010 ext. 1010
  | Fax: (949) 427-2732
5 | kzilberstein@ghidottilaw.com
6 |
  | Attorney for Secured Creditor
7 | Bosco Credit LLC, its successors and/or assignees

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

SANTA ANA DIVISION

| In Re: | ) | CASE NO.:  8:18-bk-11234-ES |
|---|---|---|
|  | ) |  |
| DAVID RAMOS | ) | CHAPTER 13 |
|  | ) |  |
|  | ) | **OBJECTION TO AMENDED** |
| Debtor. | ) | **CHAPTER 13 PLAN** |
|  | ) |  |
|  | ) | Date: 6/19/2018 |
|  | ) | Time:1:30 PM |
|  | ) | Courtroom: 5A |
|  | ) | Location: 411 W. Fourth Street, CA |
|  | ) |  |
|  | ) | Judge: Erithe A. Smith |

TO ALL PARTIES IN INTEREST AND TO THEIR ATTORNEYS OF RECORD:

Bosco Credit LLC, its successors and/or assignees, ("Secured Creditor") in the above-entitled Bankruptcy proceeding, hereby submits the following Objections to Confirmation of the Chapter 13 Plan proposed by ("Debtor") David Ramos.

Secured Creditor is entitled to receive payments pursuant to a Promissory Note which matures on 3/1/2032 and is secured by a Deed of Trust on the subject property commonly known as 2549 East Whidby Lane, Anaheim, CA 92806. As of 4/6/2018, the amount in default was $89,208.79, pursuant to a Proof of Claim filed on or about May 9, 2018.

## ARGUMENT

Under 11 U.S.C. §1325, the provisions for plan confirmation in a Chapter 13 have been set. Unless otherwise ordered, under 11 U.S.C. § 1326(a)(1), the Debtor shall commence making the payments proposed by the Plan within 30 days after the Petition is filed. The Plan must comply with all applicable provisions of 11 U.S.C. § 1325 to be confirmed. Based on the foregoing, as more fully detailed below, the Plan cannot be confirmed as proposed.

### A. IMPERMISSIBLY MODIFIES SECURED CREDITOR'S RIGHTS

Under 11 U.S.C. §1322(b)(2), a Plan that modifies the rights of a creditor whose claim is secured only by a security interest in real property that is debtor's principal residence is impermissible. The proposed Plan does not set forth a reasonable schedule and time period for the payment of the arrearages owed to Secured Creditor. The payoff period and monthly repayment amount proposed by the Debtor exceed a reasonable arrangement in light of Debtor's past non-payment history. Debtor alleges in the Plan that the arrears owed to Secured Creditor are in the amount of $45,702.00 while in fact the actual arrears owed are in the amount of $89,208.79. To cure the pre-petition arrearages of $89,208.79 over the term of the Plan within 60 months, Secured Creditor must receive a minimum payment of $1,486.81 per month from the Debtor through the Plan. Debtor's Plan provides for payments to the Trustee in the amount of $261.00 per month for 60 months. Debtor has not provided sufficient funds to cure the arrears over the term of the Plan within 60 months. Therefore, the Plan is not feasible.

### B. THE PLAN IS NOT FEASIBLE – DEBTOR DOES NOT HAVE SUFFICIENT INCOME

Pursuant to Schedules I and J, Debtor has net income of $2,398.15. However, Schedule J does not account for the regular monthly mortgage payments despite the Plan stating that Debtor will pay the monthly mortgage payments directly. Secured Creditor's monthly payment is $869.62. When this amount is subtracted from the net income, Debtor has $1,528.53. This is insufficient for both the plan payment and the monthly mortgage payment to the first lienholder. It appears that Debtor has sufficient income for the monthly mortgage payments, but not the plan payments. As such, Debtor does not have sufficient net income to increase the plan payment to cure the arrears of Secured Creditor. Thus, Debtor does not have sufficient net income for a Chapter 13 Plan, and the case should be dismissed under these circumstances.

### CONCLUSION

Any Chapter 13 Plan proposed by the Debtor must provide for and eliminate the Objections specified above in order to be reasonable and to comply with applicable provisions of the Bankruptcy Code. Secured Creditor respectfully requests that confirmation of the Chapter 13 Plan as proposed by the Debtor be denied.

WHEREFORE, Secured Creditor prays as follows:

1. That confirmation of the Proposed Chapter 13 Plan be denied,
2. For attorneys' fees and costs herein, and
3. For such other relief as this Court deems proper.

Dated: June 5, 2018                    LAW OFFICES OF MICHELLE GHIDOTTI


/s/ Kristin A. Zilberstein
Kristin A. Zilberstein, Esq.
Counsel for Bosco Credit LLC, its successors and/or assignees

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

1920 Old Trustin Ave.
Santa Ana, CA 92705

A true and correct copy of the foregoing document entitled (*specify*): _____
_____
Objection to Amended Chapter 13 Plan
_____
will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. <u>TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)</u>**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) 06/05/2018_____, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

  Debtor's Counsel: Julie J Villalobos, julie@oaktreelaw.com, oakecfmail@gmail.com;
       villalobosjr51108@notify.bestcase.com
  Trustee: Amrane (SA) Cohen (TR), efile@ch13ac.com
  U.S. Trustee: United States Trustee (SA), ustpregion16.sa.ecf@usdoj.gov

☐ Service information continued on attached page

**2. <u>SERVED BY UNITED STATES MAIL</u>**:
On (*date*) __06/05/2018_____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

  Debtor: David Ramos, 2549 E Whidby Ln, Anaheim, CA 92806 (U.S. Mail)

☐ Service information continued on attached page

**3. <u>SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL</u>** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 06/05/2018 | Jeremy Romero | /s/ Jeremy Romero |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*         **F 9013-3.1.PROOF.SERVICE**