1  Kristin A. Zilberstein, Esq. (SBN: 200041)
2  Jennifer R. Bergh, Esq. (SBN 305219)
   Adam P. Thursby, Esq. (SBN 318465)
3  GHIDOTTI | BERGER LLP
   1920 Old Tustin Ave.
4  Santa Ana, CA 92705
   Ph:  (949) 427-2010 ext. 1010
5  Fax: (949) 427-2732
6  kzilberstein@ghidottiberger.com

7  Attorney for Secured Creditor
   Bosco Credit, LLC, its successors and/or assigns
8

9              UNITED STATES BANKRUPTCY COURT

10            CENTRAL DISTRICT OF CALIFORNIA

11               SANTA ANA DIVISION

12

13  In Re:                          )    CASE NO.:  8:18-bk-11234-ES
14                                   )
    DAVID RAMOS                      )    CHAPTER 13
15                                   )
                                     )    **REPLY TO OPPOSITION TO**
16       Debtor (s).                 )    **MOTION FOR RELIEF FROM**
                                     )    **THE AUTOMATIC STAY**
17                                   )
                                     )    Date: 1/10/2019
18                                   )    Time: 10:00 AM
19                                   )    Courtroom: 5A
                                     )    Location: 411 W. Fourth St., Santa
20                                   )    Ana, CA 92701
21                                   )
                                     )    Judge: Erithe A. Smith
22                                   )
                                     )
23                                   )
                                     )
24                                   )
                                     )
25                                   )
                                     )
26                                   )

27

28

1

2

3

4

5

      Bosco Credit, LLC, its successors and/or assigns, ("Secured Creditor") in the above-entitled Bankruptcy proceeding, hereby provides the following Response to Debtor's Opposition to Motion for Order to Terminate, Annul, Modify, or Condition the Automatic Stay Filed by Secured Creditor.

6

### A.      DEBTOR HAS NOT MET HIS BURDEN OF PROOF

7

8

9

10

11

12

13

14

15

16

17

      After the movant has established a prima facie case for relief from the stay, the burden shifts to the debtor.  See *In re Ellis* (9th Cir. BAP 1985) 60 BR 432, 435; *In re San Clemente Estates* (BC SD CA 1980) 5 BR 605, 610; *In re Stranahan Gear Co., Inc.* (BC ED PA 1986) 67 BR 834, 836-837; 11 USC §362(g).  In response to a Motion for Relief from the Automatic Stay, debtor has the burden of proving that Secured Creditor is adequately protected.  11 U.S.C. §362 (g); In re Gauvin (9th Circuit BAP 1982) 24 BR 578, 580; Matter of La Jolla Mortg. Fund v. Rancho Cajon Assocs. (BC SD CA 1982) 18 BR 283, 288; Matter of Boomgarden (7th Circuit 1985) 780 F2d 657, 663.  To prove adequate protection, debtor has the burden of proving equity in the property.  Matter of La Jolla Mortg. V. Rancho Cajon Assocs., supra, 18 BR at 288.

18

19

20

21

22

23

24

25

26

27

28

      For motions based upon 11 USC §362(d)(1), a debtor must show that payments have been made, and that the property is necessary for reorganization.  In this matter, Debtor has not denied his failure to make the regular monthly payments.  Instead, Debtor argues that there is sufficient equity in the property.  However, any equity is quickly being eaten up by the lack of payments.  In all likelihood, Debtor is not making the payments to the first lienholder either which further erodes any equity.  Further, the basis for the alleged value of $750,000.00 is the listing of the property.  This is not sufficient evidence.  The sale price is the evidence of the market value of the property.  Moreover, Debtor is not providing any evidence; counsel is.  The Opposition is based upon her declaration for which she does not have personal knowledge, and the exhibits to the Opposition do have a proper foundation.  Quite simply, Debotr has not made

1  the monthly payments and does not deny failing to make six payments.  Thus, the Motion for

2  Relief should be granted.

### B.  DEBTOR IS NOT COMPLIANT WITH THE CONFIRMED PLAN

Failure to make payments that have been required by a confirmed Ch 13 Plan is cause

for granting relief from the automatic stay.  *In re ellis* (9th Cir. BAP 1985) 60 BR 432, 435.  The

Amended Plan at Docket #35 was confirmed on October 31, 2018.  Class 2 of the Amended Plan

provides for payments to Secured Creditor directly by Debtor.  As evidenced in the Motion for

for Relief, Debtor has not made six payments.  Further, Debtor does not contest this.  As such,

Debtor is not compliant with the confirmed plan.  Therefore, the Motion for Relief should be

granted.

### CONCLUSION

Secured Creditor has made a prima facie showing that the Motion for Relief should be

granted.  As a result, the burden of proof shifted to Debtor, but he has not met the burden.  He

has not proven that he made the payments.  Instead, he provides inadmissible evidence of the

value of the property without denying that he failed to make the payments.  Further, the failure

to make the payments is a failure to fulfill the terms of the confirmed plan; thereby, grounds

for relief.  Thus, the Motion for Relief from the Automatic Stay should be granted.

Dated: January 3, 2019                    GHIDOTTI | BERGER LLP


                                          /s/ Kristin A. Zilberstein
                                          Kristin A. Zilberstein, Esq.
                                          Counsel for Bosco Credit, LLC, its successors
                                          and/or assignees

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

 1920 Old Tustin Ave.
 Santa Ana, CA 92705

A true and correct copy of the foregoing document entitled (*specify*): _____

_____
REPLY TO OPPOSITION TO MOTION FOR RELIEF FROMTHE AUTOMATIC STAY _____
_____

will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1**.  **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) 01/03/2019_____, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

 Debtor Counsel:Julie J Villalobos julie@oaktreelaw.com, oakecfmail@gmail.com;
 villalobosjr51108@notify.bestcase.com
 Trustee:Amrane (SA) Cohen (TR) efile@ch13ac.com
 US Trustee: United States Trustee (SA) ustpregion16.sa.ecf@usdoj.gov

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) __01/03/2019____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

 Debtor: David Ramos 2549 E Whidby Ln Anaheim, CA 92806 (US Mail)
 Judge: Honorable Erithe A Smith 411 West Fourth Street, Suite 5040 Santa Ana, CA 92701-4593 (US Mail)
 Co-Debtor: Minerva Co 2549 E Whidby Ln Anaheim, CA 92806 (US Mail)

☐ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 01/03/2019 | Krystle M Miller | /s/ Krystle M Miller |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                              **F 9013-3.1.PROOF.SERVICE**